UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

          Plaintiff,

v.

RAMIRO RAY REYES,

          Defendant.

Case No. 25-cr-106 (KMM/SGE)

**PRELIMINARY ORDER OF FORFEITURE**

Based on the United States' motion for a Preliminary Order of Forfeiture; on the Plea Agreement entered into between the United States and Defendant Ramiro Ray Reyes; on the Court having found that certain property is subject to forfeiture pursuant to 21 U.S.C. § 853(a) and 18 U.S.C. § 924(d)(1); and on the Court's determination that the United States has established the requisite nexus between such property and the offenses to which the Defendant has pleaded guilty,

IT IS HEREBY ORDERED that:

1. the United States' Motion for a Preliminary Order of Forfeiture (ECF No. 48) is **GRANTED;**

2. the following property is forfeited to the United States pursuant to 21 U.S.C. § 853(a) and 18 U.S.C. § 924(d)(1):
   a. a .22-calibert Keltech P17 pistol bearing serial number GTX77, recovered on August 2, 2024;

   b. a Ruger 44 magnum revolver bearing serial number 83-79136, recovered on February 24, 2025; and

   c. any ammunition and accessories seized therewith (collectively, "the Property").

3. the Attorney General or her authorized designee may seize maintain custody and control of the property pending the entry of a Final Order of Forfeiture;

4. the United States shall, pursuant to 21 U.S.C. § 853(n)(1), publish and give notice of this Order and its intent to dispose of the foregoing Property in such manner as the Attorney General may direct;

5. pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

6. following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the foregoing Property and may warrant good title to any subsequent purchaser or transferee; and

7. this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated: January 21, 2026          *s/Katherine M. Menendez*
                                 KATHERINE M. MENENDEZ
                                 United States District Judge